# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WILLIAM J. JUNGBLUTH,

            Plaintiff,

v.                                Case No. 20-CV-5

DENIS J. LLOYD,

            Defendant.

## REPORT AND RECOMMENDATION
## ON MOTION TO REMAND

Pending before the court is plaintiff William J. Jungbluth's motion to remand to state court. (ECF No. 9.) At this time, the only remaining defendant is Denis J. Lloyd. The United States of America (ECF No. 8) and North Shore Bank FSB (ECF No. 17) were both dismissed pursuant to stipulations of dismissal.

1. **Consent**

Jungbluth has consented to the jurisdiction of a magistrate judge. (ECF No. 19.) Lloyd has not filed his consent form, nor did he file anything in opposition to the motion to remand.

Although there is some disagreement, the weight of authority holds that the full consent of all parties under 28 U.S.C. § 636(c)(1) is required before this court can resolve a motion to remand under 28 U.S.C. § 1447(c). *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 266 (2d Cir. 2008) (holding that magistrate judge cannot decide motion to remand absent full consent); *Vogel v. United States Office Prods. Co.*, 258 F.3d 509, 517 (6th Cir. 2001) (same); *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 996 (10th Cir. 2000) (same); *In re United States Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998) (same); *see also Johnson v. Globus Med., Inc.*, No. 1:14-cv-00730-SEB-MJD, 2015 U.S. Dist. LEXIS 749, at *3 (S.D. Ind. Jan. 5, 2015) (discussing decisions of district courts within the Seventh Circuit and holding that consent is required); *but see Jackson Nat'l Life Ins. Co. v. Greycliff Partners*, 960 F. Supp. 186, 188 (E.D. Wis. 1997) (district judge noting that motion to remand is not dispositive and therefore magistrate judge's order is subject to review for clear error). Accordingly, this court will make a recommendation on the motion to remand.

2. **Motion to Remand**

On January 3, 2020, the United States removed the case pursuant to 28 U.S.C. § 1442(a)(1) because the United States was a party. (ECF No. 1.) However, the United States was subsequently dismissed from the case. (ECF No. 8.)

The only remaining claim in this case appears to be a claim for unjust enrichment against Lloyd. (*See* ECF No. 1-1, ¶ 11 ("As a result, Defendant Denis J. Lloyd was unjustly enriched by retaining the $6347.00 refund owed by the IRS to Plaintiff William J.

Jungbluth.").) This court recommends declining to exercise supplemental jurisdiction because "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

**IT IS THEREFORE RECOMMENDED** that the motion to remand to state court (ECF No. 9) be granted.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 12th day of February, 2020.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge